HOLLAND & KNIGHT LLP
Vito A. Costanzo, SBN 132754
Kristina S. Azlin, SBN 235238
Stacey H. Wang, SBN 245195
Danielle M. Mayer, SBN 298995
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
Email: vito.costanzo@hklaw.com
       kristina.azlin@hklaw.com
       stacey.wang@hklaw.com
       danielle.mayer@hklaw.com

Attorneys for Defendant
Chapman University

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN WALSH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHAPMAN UNIVERSITY,<br><br>Defendant. | Case No.: 8:20-cv-1538-JLS-DFM<br><br>*[Assigned to the Hon. Josephine L. Staton, United States District Judge]*<br><br>**SUPPLEMENTAL DECLARATION OF KRISTINA AZLIN IN SUPPORT OF CHAPMAN UNIVERSITY'S MOTION TO DISMISS**<br><br>**RE: (1) JURISDICTIONAL DISCOVERY AND (2) FURTHER MEET AND CONFER EFFORTS PURSUANT TO CACD L.R. 7-3**<br><br>[CACD Local Rule 7-3]<br><br>Date:        April 2, 2021<br>Time:       10:30 a.m.<br>Courtroom: 10A<br><br>Action Filed: August 19, 2020<br>Trial Date:   TBD |

**SUPPLEMENTAL DECLARATION OF KRISTINA S. AZLIN IN SUPPORT OF CHAPMAN UNIVERSITY'S MOTION TO DISMISS**

**SUPPLEMENTAL DECLARATION OF KRISTINA S. AZLIN**

I, Kristina S. Azlin, declare as follows:

1. I am a partner at Holland & Knight LLP, counsel for Defendant Chapman University ("Chapman") in this action. I am over the age of 18 and have personal knowledge of the matters stated herein. I could truthfully testify thereto if called upon as a witness.

2. I give this Supplemental Declaration in support of Chapman's pending Motion to Dismiss the Complaint filed by Plaintiff Christian Walsh ("Chapman's Motion to Dismiss"), for the limited purpose of updating the Court regarding the jurisdictional discovery conducted – and the parties' related meet and confer efforts pursuant to Local Rule 7-3 – which have taken place since Chapman filed its Motion to Dismiss on November 16, 2020 (s*ee* Dkt. Nos. 17 – 21).

3. Chapman's Motion to Dismiss is presently set to be heard on April 2, 2021. Accordingly, this limited-purpose Declaration is being submitted in accordance with Local Rule 6-1, which provides that all papers in support of a motion to the Court be filed and served no later than twenty-eight (28) days before the date set for hearing.

4. In Chapman's Motion to Dismiss, Chapman asserts that Plaintiff's Complaint is subject to dismissal because, *among other issues*, the Court must decline jurisdiction over this putative class action because: (i) no federal question is presented by Plaintiff's breach of contract and unjust enrichment claims, both of which must be decided under California law; and (ii) the Court may not exercise jurisdiction under the Class Action Fairness Act ("CAFA") since CAFA's mandatory home-state controversy exception, codified at 28 U.S.C. § 1332(d)(4)(B), applies and mandates that the Court decline jurisdiction in local controversy cases like this – where the defendant and more than two-thirds of the alleged class are citizens of the state of California. Alternatively, Chapman asserts that the Court should also decline jurisdiction "in the interests of justice" pursuant to 28 USC §1332(d)(3), because (i) it

**SUPPLEMENTAL DECLARATION OF KRISTINA S. AZLIN IN SUPPORT OF CHAPMAN UNIVERSITY'S MOTION TO DISMISS**

is undisputable that more than one-third of the alleged class members and the primary defendant are citizens of California, (ii) the claims will be governed exclusively by California law, (iii) a substantially similar, and previously filed, putative class action is already pending in the Orange County Superior Court as *Findlay Grant v. Chapman University*, Case No. 30-2020-01146699-CU-BC-CXC, (iv) Orange County has a "distinct nexus with the class members, the alleged harm, [and] the defendant[]", and (v) the number of California class members is substantially larger than class members from any other state.  Hereinafter, these grounds are referred to collectively as the "CAFA Jurisdictional Issues."

5. Since filing Chapman's Motion to Dismiss, the Parties have continued to engage in extensive meet-and-confer efforts pursuant to Local Rule 7-3 regarding the CAFA Jurisdictional Issues and Chapman has also responded to limited discovery requests from Plaintiff concerning these topics.  Specifically:

6. On November 23, 2020, I wrote to Plaintiffs' counsel, Mr. John Soumilas and Ms. Yvette Golan, by email, with copies to other attorneys at their respective law firms, requesting a further meet and confer regarding the CAFA Jurisdictional Issues in light of the evidence submitted in support of Chapman's Motion to Dismiss.  Thereafter, in follow-up emails between Mr. Soumilas and me dated November 25, 2020 and December 7, 2020, Mr. Soumilas indicated that Plaintiff intended to serve discovery regarding the CAFA Jurisdictional Issues and indicated that Plaintiff believed that information submitted by Chapman in support of its Motion to Dismiss concerning the citizenship of the alleged class is inconsistent with information published on various public websites.  Attached hereto as **Exhibit "A"** is a true and correct copy of the chain of email communications between myself and Mr. Soumilas dated November 23, 2020 through December 7, 2020.

7. On December 3, 2020, Plaintiff served Chapman with a First Set of Interrogatories and First Request for Production of Documents; both discovery requests sought information purportedly pertaining to the CAFA Jurisdictional Issues.

- 2 -
**SUPPLEMENTAL DECLARATION OF KRISTINA S. AZLIN IN SUPPORT OF CHAPMAN UNIVERSITY'S MOTION TO DISMISS**

1  Attached hereto as **Exhibits "B"** and **"C"**, respectively, are true and correct copies of
2  Plaintiff's First Set of Interrogatories (Ex. B) and First Request for Production of
3  Documents to Chapman (Ex. C).

4       8.    On January 4, 2021, Chapman served its verified Responses to
5  Plaintiff's First Set of Interrogatories and its verified Responses to Plaintiff's First
6  Request for Production of Documents. Attached hereto as **Exhibits "D"** and **"E"**,
7  respectively, are true and correct copies of Chapman's Verified Responses to
8  Plaintiff's First Set of Interrogatories (Ex. D) and Verified Responses to First
9  Request for Production of Documents (Ex. E).

10       9.    On January 11, 2021, I sent Mr. Soumilas, by email, with copies to other
11  attorneys at Plaintiff's counsel's respective law firms, a letter responding to
12  Plaintiff's December 7, 2020 questions about the reliability of Chapman's data.
13  Attached hereto as **Exhibit "F"** is a true and correct copy of my letter dated January
14  11, 2021. No response to this letter, or to the issues addressed therein, has ever been
15  provided by Plaintiff.

16       10.    On January 14, 2021, along with my partner Vito Costanzo, I
17  participated in a lengthy meet and confer telephone conference with Ms. Golan
18  regarding the CAFA Jurisdictional Issues and Chapman's responses to Plaintiff's
19  Jurisdictional Discovery Requests. During that call, Ms. Golan and I discussed the
20  information and documents produced by Chapman, as well as the source of that data,
21  and Ms. Golan asked for additional information from Chapman concerning a number
22  of topics. I told Ms. Golan that I would follow-up in good faith regarding the items
23  requested, but did not promise any specific response.

24       11.    Also on January 14, 2021, Ms. Golan sent me an email following-up on
25  the items discussed during our meet and confer call on that date and setting forth her
26  understanding of the additional items requested from Chapman. Attached hereto as
27  **Exhibit "G"** is a true and correct copy of Ms. Golan's January 14, 2021 email.
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

12. From January 14, 2021 to February 23, 2021, I exchanged multiple emails with Ms. Golan regarding Plaintiff's requests for additional information. In those emails, I responded and provided follow-up information on behalf of Chapman in response to each of the follow-up items discussed during the January 14, 2021, call. I also spoke with Ms. Golan again briefly on February 1, 2021, in order to better understand the nature of one of Plaintiff's requests for follow-up data. Attached hereto as **Exhibit "H"** is a true and correct copy of the chain of substantive email communications between myself and Ms. Golan, without attachments, as dated January 14, 2023, to February 23, 2021.

13. On February 24, 2021, I sent Ms. Golan a final meet and confer letter regarding the CAFA Jurisdictional Issues. Attached hereto as **Exhibit "I"** is a true and correct copy of my letter to Ms. Golan dated February 24, 2021. No response to this letter has been received.

14. As reflected in the attached communications, and in my initial declaration, Chapman has met and conferred with Plaintiff in good faith for over four (4) months in an attempt to reach a resolution on the CAFA Jurisdictional Issues and to avoid unnecessary cost and delay. Chapman has made these efforts despite the great burden and cost to itself during these tumultuous times and has attempted to reasonably provide Plaintiff with the information requested – even though Chapman believes that the vast majority of the information asked for by Plaintiff is irrelevant to the Court's consideration of the CAFA Jurisdictional Issues. To-date, however, Plaintiff has never offered any explanation for why he contends that this Court may, or should, exercise jurisdiction over his state law claims.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on March 5th, 2021, at Los Angeles, California.

_Kristina S. Azlin_
Kristina S. Azlin

- 4 -
**SUPPLEMENTAL DECLARATION OF KRISTINA S. AZLIN IN SUPPORT OF CHAPMAN UNIVERSITY'S MOTION TO DISMISS**